IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEANINE M. O'SHAUGHNESSEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HSHS MEDICAL GROUP, INC., )<br>)<br>    Defendant. ) | No. 3:17-cv-3311 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant HSHS Medical Group, Inc.'s Motion to Dismiss for Failure to Prosecute Pursuant to FRCP 41(b) (d/e 24). Because the harsh sanction of dismissal is not warranted, the Motion is DENIED.

### I. BACKGROUND

In December 2017, Plaintiff Jeanine M. O'Shaughnessey filed a two-count Complaint (d/e 1) alleging that Defendant discriminated against her on the basis of disability in violation of the Americans with Disabilities Act and interfered and retaliated against her in violation of the Family Medical Leave Act. Defendant filed an Answer and Affirmative Defenses (d/e 8) and discovery commenced.

On December 19, 2018, Plaintiff's counsel filed a Motion to Amend Scheduling Order (d/e 21) and a Motion to Withdraw as Attorney of Record (d/e 22). Counsel sought to withdraw because she was appointed as an Associate Judge and was leaving the private practice of law. On December 26, 2018, United States Magistrate Judge Tom Schanzle-Haskins granted the motions. See Text Orders dated December 26, 2018.

In the first Text Order, Judge Schanzle-Haskins amended the scheduling order, extending the deadline to complete fact discovery to May 23, 2019 and expert discovery to December 26, 2019 and setting the Final Pretrial Conference for July 6, 2020 and the Jury Trial for July 21, 2020. In the second Text Order, Judge Schanzle-Haskins granted the motion of counsel and her law firm to withdraw. Judge Schanzle-Haskins directed counsel to advise Plaintiff of the Order by serving on Plaintiff a copy of the Order by personal service or by certified mail and notify Plaintiff that she must retain other counsel or file with the Clerk of the Court within 21 days of the entry of the Order her supplementary appearance stating an address at which service of notices or other papers may be had upon her.

On December 28, 2018, counsel filed a Notice (d/e 23) indicating that she complied with the Court's order by sending Plaintiff both of the Court's Text Orders via electronic mail and certified mail-return receipt requested. Plaintiff failed to retain other counsel or file her supplementary appearance within 21 days of Judge Schanzle-Haskins' Order.

On April 18, 2019, Defendant moved to dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defendant asserts that Plaintiff has not complied with the Court's December 26, 2018 Order and that Defendant's Second Interrogatories to Plaintiff, served on November 30, 2018, remain unanswered.

On April 23, 2019, Carl R. Draper of the firm FeldmanWasser entered his appearance (d/e 25) on behalf of Plaintiff. On April 29, 2019, Plaintiff's new counsel responded to the motion to dismiss (d/e 26).

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss a claim or action at the defendant's request "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order." Fed. R. Civ. P. 41(b). Unless the court's dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Id.

"Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011) (quoting Gabriel v. Hamlin, 514 F.3d 734, 736 (7th Cir. 2008)). The Seventh Circuit has stated that "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break[.]" GCIU Emp'r Ret. Fund v. Chi. Tribune Co., 8 F.3d 1195, 1198-99 (7th Cir. 1993).

### III. ANALYSIS

Defendant asserts that, because Plaintiff failed to comply with the Court's explicit orders and court-imposed deadlines, the Complaint and all claims should be dismissed under Rule 41(b) for failure to prosecute.

Plaintiff responds that the legal standard has not been met and the drastic sanction is unnecessary on this record.  Plaintiff's counsel asserts that Plaintiff contacted attorneys about representation, including contacting Mr. Draper in late February 2019.  To determine whether to represent Plaintiff, Mr. Draper requested Plaintiff's file from her former counsel but could not review the file until the third week of March due to a scheduled vacation.  On April 18, 2019, after review, a fee agreement proposal was offered to Plaintiff.  In the response, Plaintiff asserts that, while she did not file an appearance on her own behalf within the 21 days originally ordered, such delay was not inordinate by its nature.  Plaintiff also asserts that Defendant has not shown prejudice.

When considering a dismissal for lack of prosecution, the Court considers (1) the frequency of the plaintiff's failure to comply with deadlines; (2) whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; (3) the effect of the mistakes on the judge's calendar; (4) the prejudice that the delay caused to the defendant; (5) the merit of the suit; and (6) the consequences of dismissal for the social objectives that the litigation represents.  <u>Kasalo</u>, 656 F.3d at 561.  In addition, in cases

involving "ordinary" misconduct, dismissal is warranted only if the Court warned the plaintiff that dismissal was possible and the Court determines that dismissal is an appropriate sanction. Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000) (but also noting that, "[e]ven without a warning, egregious misconduct can be punished by dismissal.").

Here, Plaintiff's conduct can only be characterized as "ordinary" misconduct and was limited to this one occasion when Plaintiff failed to comply with a Court order and failed to respond to the outstanding discovery that was pending when her counsel withdrew. Moreover, the record does not reflect that Judge Schanzle-Haskins warned Plaintiff that failure to comply with the Order could result in dismissal of the entire case.

Plaintiff is now represented by counsel. While the discovery deadline is quickly approaching, the cause is not set for trial until July 2020. The approximate 3-month delay caused by Plaintiff's conduct will not so prejudice Defendant that dismissal is warranted.

That being said, the Court does not condone Plaintiff's failure to comply with the Judge Schanzle-Haskins' Order. At the very

least, she could have requested more time to obtain counsel. Nonetheless, Plaintiff's conduct does not reflect a pattern of disregard for the Court's orders that would warrant the harsh sanction of dismissal.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss for Failure to Prosecute Pursuant to FRCP 41(b) (d/e 24) is DENIED.

**ENTERED: May 1, 2019**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**